**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary A. Miller, | No. CV 09-1871-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Michael J. Astrue, Commissioner, Social Security, | |
| Defendant. | |

Pending before the Court is Plaintiff Mary A. Miller's Application for Attorney Fees Under the Equal Access to Justice Act. (Dkt. 29.) The Court will grant Plaintiff's application, as adjusted by this Order.

**I.   Background**

Plaintiff filed an application for disability insurance benefits on December 29, 2004. The Social Security Administration denied her application, and Plaintiff requested a hearing. On August 28, 2007, Plaintiff, representing herself, testified before an Administrative Law Judge ("ALJ"). The ALJ found that Plaintiff was not disabled, because she could perform her past work as a credit collector. After the Appeals Council denied Plaintiff's request for review of the ALJ's decision, Plaintiff filed an appeal with the District Court.

On appeal, the Court found that the ALJ failed to fully develop the record with regard

to the ALJ's consideration of Plaintiff's migraine headaches, Plaintiff's functional limitations and restrictions, and the weight of the treating physician's opinion. (Dkt. 28.) Although the Court reversed the Commissioner's denial of benefits, the Court declined to remand for an award of benefits. (*Id.*) The Court instead remanded for further proceedings to resolve the outstanding issues identified by the Court. (*Id.*)

Plaintiff filed the pending application for fees on April 18, 2011 (Dkt. 29), the Commissioner filed his Response on May 2, 2011 (Dkt. 30), and Plaintiff filed her Reply on May 9, 2011 (Dkt. 31).

## II. Analysis and Conclusion

The Equal Access to Justice Act, 28 U.S.C. § 2412 (the "EAJA"), provides that the Court shall award attorney's fees to a prevailing party, other than the government, in an action for review of agency action, unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because the Court reversed and remanded the ALJ's decision for further proceedings pursuant 42 U.S.C. § 405(g), Plaintiff is the prevailing party for purposes of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001) ("An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded.").

The Commissioner has the burden of demonstrating that his position was substantially justified or that special circumstances exist to make an award unjust. *Gutierrez*, 274 F.3d at 1258. A substantially justified position must have a reasonable basis in law and in fact. *Id*. In his Response, the Commissioner does not argue that his position was substantially justified or that special facts exist that would make an award of fees unjust. The Commissioner, therefore, has not met his burden of demonstrating substantial justification or special circumstances.

Plaintiff has requested $6,327.01 in attorney's fees, and $350.00 in costs, which represents the filing fee, for a total of $6,677.01. The Commissioner does not dispute that

1 | the rate of compensation sought by Plaintiff is within the EAJA's statutory guidelines.

2 | In his Response, the Commissioner argues that Plaintiff's award of fees should be
3 | reduced, because some of the time spent by Plaintiff's counsel included services that were
4 | clerical, not legal. The Court of Appeals has stated that "[w]hen clerical tasks are billed at
5 | hourly rates, the court should reduce the hours requested to account for the billing errors."
6 | *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (citing *Davis v. City & County of*
7 | *S.F.*, 976 F.2d 1536, 1543 (9th Cir. 1992)). The Commissioner argues that 5.6 hours of time
8 | billed by Plaintiff's counsel between September 2009 and January 2011 includes time for
9 | clerical tasks, such as serving and filing documents, and organizing the transcript. However,
10 | the Commissioner does not identify particular time entries that contain the objectionable
11 | clerical tasks.

12 | Plaintiff, in her Reply, concedes that the time entry for 0.2 hours on January 26, 2011
13 | is ambiguous, and does not dispute a reduction of the fees by this amount. Accordingly, the
14 | Court will reduce the Plaintiff's award of fees by $35.90.[1] However, Plaintiff clarifies that,
15 | even though the term "file" was used in several time entries, Plaintiff used this term "to
16 | reflect ensurance [sic] of task completion and deadline compliance." (Dkt. 31 at p. 3.) The
17 | Court has reviewed the itemization of services attached to Plaintiff's application for the
18 | existence of clerical tasks. (Dkt. 29-1, App'x A.) The Court does not find that any clerical
19 | tasks were billed warranting a reduction of Plaintiff's fee award beyond the 0.2 hours
20 | conceded by Plaintiff. Further, the Court finds the time expended by Plaintiff's counsel was
21 | reasonable and not excessive.

22 | Accordingly,

23 | **IT IS HEREBY ORDERED** that Plaintiff's Application for Attorney Fees Under the

---

[1] Pursuant to the EAJA, *Thangaraja v. Gonzalez*, 428 F.3d 870, 876–77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6, the applicable statutory maximum hourly rate under the EAJA for the first half of 2011 is $179.51. *See* Equal Access to Justice Act - Rates, http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited July 28, 2011).

1  Equal Access to Justice Act (Dkt. 29) is **GRANTED**, as adjusted by this Order.  The Court
2  awards attorney's fees in the amount of $6,291.11 to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff is awarded costs in the amount of $350.00, pursuant to 28 U.S.C. § 2412(a)(1), to be paid out of the Judgment Fund, as administered by the United States Department of Justice.

DATED this 29th day of July, 2011.

*/s/ James A. Teilborg*
James A. Teilborg
United States District Judge